UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BERNARDO GUZMAN CASTILLO**                **DOCKET NO. 24-cv-01411**
**REG. # 85796-054**                                           **SECTION P**

**VERSUS**                                                              **JUDGE DAVID C. JOSEPH**

**WARDEN MARTINEZ, JR.**                         **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Bernardo Guzman Castillo ("Castillo"), an inmate in the custody of the Bureau of Prisons and currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED,** and this matter be **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Castillo filed the instant petition challenging the Immigration court's November 4, 2024 decision and requesting that this Court "stop the deportation order against Petitioner, and the removal proceedings." Doc 1, p. 7.

**II.   LAW & ANALYSIS**

*A.  Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary

review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Final Order of Removal*

Although the Court recognizes Castillo's concerns regarding the Final Order of Removal, it lacks jurisdiction over his challenge to its validity. Rather, that authority lies solely with the appropriate circuit court of appeals. *Quiceno v. Segal*, 2023 U.S. Dist. LEXIS 989548, *6 (D. Minn. April 21, 2023) (citing U.S.C. § 1252 (a)(5); *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) ("[A] petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion."); *Anyanwu v. Bd. of Immigr. Appeals*, Civ. No. 18-707 (NEB/TNL), 2018 U.S. Dist. LEXIS 187357, 2018 WL 5660158, at *3 (D. Minn. Sept. 27, 2018) (holding district court lacked jurisdiction to consider petitioner's habeas challenge to his deportation order)).

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED** without prejudice to the petitioner's rights to seek remedies through a removal proceeding or a petition for review in the appropriate United States Court of Appeals.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 13th day of January, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE